Bell, J.,
dissenting. Pursuant to a notice sent to him on August 15, 1955, the relator appeared at a hearing before the board of elections on August 18. After hearing the testimony of relator, the board, through its chairman, informed relator of its decision that it considered his nominating petition invalid. A written notice of the action of the board was mailed to relator on the same day. On August 20, relator sent a letter to the board requesting information with respect to the particulars in which the board found his petition to be insufficient. By letter dated August 25, the board informed relator that he had been present at the meeting of the board and had, at that time, been advised by the chairman as to the reason for the board’s action.
Fifteen days after receipt of this letter from the board, and 22 days after the board’s action, relator wrote a letter to the Secretary of State requesting further explanation of the adverse ruling of the board concerning his petition. On September 12, the Secretary of State sent a letter to relator explaining his ruling previously given to the board. Twelve days later, on September 24, relator instituted his action in mandamus. Thirty-seven days had elapsed between the meeting of the board and the filing of the petition in mandamus.
The question of laches depends not upon the fact that a certain definite time has elapsed since the cause of action accrued, but upon whether, under all the circumstances, the one seeking relief is chargeable with want, of due diligence in not instituting the proceeding sooner,
*214 In many cases, before the defense of laches can be raised, the delay must be an extended one. In other cases, where the need to act to enforce a right is urgent, a delay of even a very short time may be unreasonable.
It appears to the writer that, under circumstances where the relator knew the necessity for awarding contracts for the printing of ballots and for the urgency of accomplishing the other things required by our election process, a delay of some 37 days shows an unexplained dilatoriness in a situation which not only permited but required his diligence. His failure to act sooner should deprive him of the relief sought herein.
Matthias and Taft, JJ., concur in the foregoing dissenting opinion.